# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Keith Poe, # 259297, ) | |
| ) | |
| Plaintiff, ) | C/A No. 0:07-1332-CMC-BM |
| ) | |
| v. ) | |
| ) | |
| Warden Eagleton Evans Correctional ) | |
| Institution; Jon Ozmint, Director SCDC; ) | |
| Cynthia Mims, Branch Chief; ) | **REPORT AND RECOMMENDATION** |
| Mr Baker, Tyger River Classification; ) | |
| Mr Bethea, Evans Correctional ) | |
| Classification; South Carolina ) | |
| Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges that his constitutional rights are being violated by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 3, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on January 4, 2008, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff

1



thereafter filed a memorandum in opposition, with attached exhibits, on January 16, 2008. Defendants' motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that on June 22, 1999 he was sentenced to fifteen (15) years for second degree burglary, suspended upon service of three (3) years with five (5) years probation. Plaintiff alleges that, after his release, he violated the terms of his probation on March 6, 2002, and that on September 20, 2002 his probation was revoked and he was ordered to serve the fifteen (15) years with credit for one hundred and ninety-eight (198) days spent in detention along with the three (3) years he had previously served. Plaintiff claims that he has now maxed out his term, but is still being "held over" by the Department of Corrections.

Plaintiff alleges that the Department of Corrections has improperly calculated his sentence, and how long he must serve to complete his sentence, in violation of his due process rights under the Fourteenth Amendment, and that he is also being subjected to cruel and unusual punishment. Plaintiff further alleges that he has complained to the named Defendants concerning his allegedly illegal continued incarceration, to no avail. Plaintiff seeks monetary damages for his illegal incarceration, as well as immediate release from prison. See generally, Verified Complaint,

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



with attached Exhibits.

In support of their motion for summary judgment, the Defendants have submitted an affidavit from James Brennan, who is the Assistant Division Director for Inmate Records with the South Carolina Department of Corrections. Brennan attests that his duties include the calculation and maintenance of inmate sentences, that he is familiar with the allegations contained in the Plaintiff's Complaint, and that he has personally conducted a comprehensive review of Plaintiff's file and incarceration history. Brennan attests that Plaintiff pled guilty to a charge of burglary in the second degree on June 22, 1999 and was sentenced to fifteen (15) years imprisonment, provided that upon the service of three (3) years, the balance would be suspended with probation for five (5) years. See also, Exhibit A to Brennan Affidavit. Plaintiff was thereafter admitted to the Department of Corrections on June 25, 1999, with a sentence start date of June 20, 1999, which accounted for Plaintiff's time served in the York County Detention Facility. See also, Exhibit B to Brennan Affidavit. Brennan attests that after serving one year, six months, and nine days, Plaintiff satisfied his three year sentence and was released to the supervision of the Department of Parole, Probation and Pardons on December 28, 2000. See also, Exhibit C to Brennan Affidavit.

Brennan attests that due to a probation violation, Plaintiff's probationary sentence was revoked on September 20, 2002, and the original fifteen (15) year sentence was imposed on the Plaintiff with credit for the three (3) years which had previously been satisfied, plus one hundred and ninety-eight days of time served in the county detention center while Plaintiff was awaiting his probation revocation hearing. See also, Exhibit D to Brennan Affidavit. Plaintiff was thereafter admitted to the Department of Corrections on September 26, 2002 on a twelve (12) year sentence (fifteen years minus three years previously satisfied), with a start date adjusted to March 6, 2002 to

3



account for the one hundred and ninety day time served credit. See also, Exhibit E to Brennan Affidavit.

Brennan attests that, upon his re-admission to the Department of Corrections, Plaintiff's projected sentence max-out date was determined to be June 6, 2009. Brennan attests, however, that projected max-out dates continue to change over the course of an inmate's incarceration based on the inmate's accumulation and/or loss of earned work credits as well as earned education credits. Brennan attests that Plaintiff's sentence was also recalculated on April 24, 2007 to conform with recent caselaw regarding sentencing order interpretation, and that under this recalculation Plaintiff's entire fifteen (15) year sentence was imposed with credit for the three (3) years already satisfied and one hundred and ninety-eight (198) days time served. See also, Exhibit F to Brennan Affidavit. Plaintiff's sentence was then entered into the SCDC system as a fifteen (15) year sentence with a backdated start date to account for his previously satisfied three (3) year sentence and all of his time served in county jail, as opposed to the original calculation of a straight twelve (12) year sentence without credit for the three (3) years previously satisfied. Brennan attests that this re-calculation essentially amounted to semantics, in that it had no affect on Plaintiff's max-out date.

Brennan attests that Plaintiff's max-out date as of the time he filed his Complaint was July 8, 2008, and that if Plaintiff is released on that date, he will have served six (6) years, four (4) months, and six (6) days together with one (1) year, six (6) months, and nine (9) days, for a total of seven (7) years, ten (10) months, and fifteen (15) days on a fifteen (15) year sentence, notwithstanding his extensive disciplinary record while incarcerated. Brennan attests that Plaintiff's sentence calculation and projected max-out date are "absolutely correct" and conform to the statutory

4



scheme applicable to sentence calculations, and as such in no way infringes upon Plaintiff's constitutional rights.  See generally, Brennan Affidavit, with attached Exhibits.

As attachments to his memorandum in opposition to Defendants' motion, Plaintiff has resubmitted many of the same exhibits that were originally attached to his Complaint.  These exhibits include copies of Plaintiff's appeal to the Administrative Law Division concerning his grievance relating to his max-out date, including the respondents' brief and motion to dismiss as well as copies of various classification reports and calculations.  No final order from the South Carolina Administrative Law Court is included in Plaintiff's materials; however, a copy of the final order from that court has now been provided, which shows that Plaintiff's grievance was dismissed with prejudice.  See Court Docket No. 56.  There is no record of any appeal from this decision.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial."  Rule 56(e), Fed.R.Civ.P.  Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material

5



fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

After careful review of the exhibits presented as well as the arguments of the parties, the undersigned finds and concludes that the Defendants are entitled to dismissal of this case. First, although not argued by the Defendants in their motion, it is readily apparent that Plaintiff's claim that he is no longer being validly held by the Department of Corrections because he has already "maxed out" his sentence is a habeas claim which is not cognizable in a § 1983 lawsuit. If Plaintiff wishes to pursue this claim in federal court, he must first exhaust his state remedies through the state administrative process, following which he could then file an action in this Court under 42 U.S.C. 2241 or § 2254. See James v. Ozmint, No. 05-1294, 2006 WL 2433816, *3-4 (D.S.C. Aug. 21, 2006). Further, any claim for damages Plaintiff may have under § 1983 concerning the alleged illegality of his continued imprisonment must await a favorable ruling in his habeas case. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff may not maintain a § 1983 damages claim in this Court prior to having achieved this result, nor can he obtain his requested relief of release from prison through this § 1983 action. Heck, 512 U.S. at 487; see also Myers v. Pauling, No. 95-820, 1995 WL 334284 (E.D.Pa. June 2, 1995) ["release from prison is not a remedy available under 42 U.S.C. § 1983"].

Further, even if Plaintiff's claims were otherwise properly before this Court, the Defendants correctly assert in their motion that Plaintiff has provided absolutely no evidence whatsoever to support the general and conclusory claim in his Complaint that he is being held past his proper max-out date for his sentence. Defendants have provided an affidavit from the official responsible for calculating inmate sentences, who attests that Plaintiff's sentence has been calculated correctly and references numerous exhibits attached to his affidavit to support his assertions. In

6



contrast Plaintiff simply makes the conclusory statement that there are "triable issues" in dispute, but otherwise provides no cogent argument as to why there is a genuine issue of fact concerning his claim or for why this case should be allowed to go forward, nor do the exhibits attached to his memorandum in and of themselves support such a finding. See Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Bender v. Surburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. Plaintiff's conclusory statement is not sufficient to save his claim. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim].  Therefore, this case should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, pursuant to Heck v. Humphrey.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 27, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

8

