IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Richard Keith Poe, #259297, | ) | C/A NO. 0:07-1332-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden Eagleton Evans Correctional | ) | |
| Institution; Jon Ozmint, Director, SCDC; | ) | |
| Cynthia Mims, Branch Chief; Mr. Baker, | ) | |
| Tyger River Classification; Mr. Bethea, | ) | |
| Evans Correctional Classification; South | ) | |
| Carolina Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On March 27, 2008, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment be granted and Plaintiff's complaint be dismissed without prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Plaintiff's claim that he is allegedly being held beyond his "maxout" date is more correctly construed as a petition for habeas corpus,[1] and Plaintiff's claim for monetary damages is premature pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants' motion is styled as a motion to dismiss or, in the alternative, for summary judgment. The Magistrate Judge recommended granting summary judgment, but dismissing the case without prejudice. The court determines that this matter should be dismissed without prejudice, and therefore **grants** the Defendants' motion to dismiss.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 17, 2008

C:\Documents and Settings\lmj84\Local Settings\Temp\notesE1EF34\07-1332 Poe v. Ozmint e adopt rr dism wo prejudice.wpd

---

[1] Plaintiff has filed a petition for writ of habeas corpus in this court related to this same issue. *See* Poe v. South Carolina Department of Corrections, D.S.C. Civil Action No. 0:08-1622-CMC-BM (filed April 16, 2008).